T.C. Summary Opinion 2008-155


UNITED STATES TAX COURT


DONALD W. AND PENNY N. NICHOLAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18199-07S.            Filed December 15, 2008.


<u>Henry Anthony Ebarb</u>, for petitioners.

<u>Christopher J. Sheldon</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2005, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $712 in petitioners' Federal income tax for the taxable year 2005. The sole issue remaining is whether petitioners are entitled to deduct noncash contributions of $4,906.

## Background

Petitioners are married and resided in Arizona at the time that their petition was filed. Mr. Nicholas is retired, and Mrs. Nicholas is a kindergarten teacher. Petitioners were very active in their church and involved in charitable activities, and they are generous contributors. Although their adjusted gross income (AGI) from all sources was $89,092, on their original return they reported $43,637 in charitable contributions. Petitioners' pattern of charitable giving and the relatively large amount of contributions reported compared to their income have been their established long-term practice. Petitioners had a $6,012 carryover of contributions from their 2004 return in which they had exceeded the 50-percent-of-AGI limitation on deductions for any taxable year.

With respect to the 2005 tax year, Mrs. Nicholas, as she had in prior years, totaled the cash and noncash contributions for the year and provided her return preparer with the total amount

of $37,625[2] for the year.  That amount comprised $32,875 of cash
contributions and $4,906 of noncash contributions.  The
accountant, thinking that the total comprised solely cash
contributions, reported the entire amount on petitioners' 2005
return as a cash contribution.

Respondent decided to examine petitioners' 2005 return and
requested that petitioners substantiate their contributions.
When petitioners realized that $4,906 of the claimed
contributions consisted of noncash contributions to various
charities, they timely filed an amended income tax return for
their 2005 tax year including a Form 8283, Noncash Charitable
Contributions, reporting information that petitioners believed
would account for the noncash contributions of assets to
charitable entities for 2005.  On the amended 2005 return
petitioners reported $32,875 in cash and $4,906 in noncash
contributions, along with the $6,012 carryover from prior years.

Respondent reviewed petitioners' documentation for the
$32,875 in cash contributions and allowed deduction of the entire
amount that petitioners had claimed on their amended 2005 return.
Respondent, after reviewing petitioners' documentation and
considering Mrs. Nicholas's oral statements, disallowed the

---

[2]The total contribution for 2005 was $43,637, which
comprised the $37,625 for 2005 and a $6,012 carryover from prior
years.

entire $4,906 of noncash contributions claimed on the 2005 return.

For the 2005 tax year Mrs. Nicholas maintained notes on envelopes and on other documents recording the types of asset, names of charitable recipients, costs, and estimated values of petitioners' noncash contributions.  In substantially all instances petitioners had a receipt and/or letter from the charitable recipient.  As is typical with contributions of assets valued under $500, the charitable organization left it to the donor to fill out the items and values, which Mrs. Nicholas did.  Although Mrs. Nicholas did not have receipts to substantiate the original cost of each item, she had been the purchaser and had recollection of the amounts.  More critically, Mrs. Nicholas frequented garage sales and flea markets and had a keen sense of the value of her contributed items.  The items contributed included books, CDs, used furniture and lamps, and similar types of items.  Petitioners were avid readers and accumulated large volumes of books which they stored in their home.  Many of the books concerned religious topics, and some were children's books that petitioners regularly purchased for their children.  On regular occasions, as books and other items accumulated, Mrs. Nicholas would make a trip to the Salvation Army or some other charitable organization and make a donation.

## Discussion

The sole issue for our consideration is whether petitioners have substantiated the $4,906 of noncash contributions claimed. Respondent was suspicious of petitioners because they did not claim any noncash contributions on their original 2005 income tax return. When respondent decided to audit petitioners' return, petitioners realized that the $37,625 in contributions claimed included both cash and noncash amounts. Accordingly, they amended their 2005 income tax return and revised their reporting to break their contributions down into cash contributions of $32,875 and noncash of $4,906. Respondent, however, remained suspicious and did not accept petitioners' documentation and explanation of the noncash amount.

Questions respondent's counsel asked at trial seem to indicate that respondent believed petitioners fabricated the noncash amount to back up the figure claimed on the original return. Conversely, we note that petitioners' documentation of cash contributions of $32,875 was accepted in full.

The Court's role in this controversy is exclusively that of fact finder to decide to what extent petitioners have substantiated their claimed noncash contributions. The parties did not raise the question of who had the burden of proof or whether it shifted. See sec. 7491(a). In general, the Commissioner's determination set forth in a notice of deficiency

is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioners accepted their burden of showing that they were entitled to the claimed noncash contribution deductions. Respondent does not question whether petitioners' Form 8283 filed with their amended return met the statutory and regulatory requirements for reporting noncash contributions. Respondent questions only whether petitioners' documentary and oral explanations are sufficient to support their claimed noncash contribution deductions.

We begin our analysis by noting that Mrs. Nicholas's testimony was consistent and forthright even though it was subjected to extensive and vigorous cross-examination. She adequately explained why petitioners' original return did not separate out the noncash contribution deductions. Mrs. Nicholas explained her approach to recollecting the cost of the contributed assets; but more significantly, she explained how she was able to place a reasonable current value on the assets. Petitioners' evidence supporting their noncash contributions was less precise than the evidence of their cash contributions, but the Court was persuaded that the assets were contributed and values were appropriately derived.

The Court was persuaded by Mrs. Nicholas's forthright testimony and the documentary evidence petitioners provided. In

addition, we are cognizant that petitioners are extremely generous in their charitable giving as reflected by their cash contributions, which approximated one-half of their income. Respondent was fully satisfied with petitioners' proof of $32,875 of cash contributions, and that amount of verified cash contributions represents almost 90 percent of the total amount of 2005 contributions.  The income tax deficiency attributable to the disallowance of the noncash contribution deductions was only $712, and petitioners pursued this matter, with representation, as a matter of principle.

Ultimately, the Court believes Mrs. Nicholas's testimony and accepts her documentation, and we hold that petitioners are entitled to deduct $4,906 in noncash contributions for their 2005 tax year.

To reflect the foregoing,

Decision will be entered

under Rule 155.